UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOAN EHLMAN,                )   | |
|                             )   | |
|    PLAINTIFF, )  | |
|                             )   | |
| v.                          )   | CIVIL ACTION NUMBER: |
|                             )   | **JURY TRIAL DEMANDED** |
| FIRST FINANCIAL ASSET       )   | |
| MANAGEMENT, INC.;           )   | |
| UPLIFT, INC.                )   | |
|                             )   | |
|    DEFENDANTS. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Joan Ehlman, for actual and statutory damages, attorney's fees, and costs for Defendant First Financial Asset Management, Inc.'s violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the

Defendants transacted business here, and the Plaintiff resides here.

## STATEMENT OF THE PARTIES

1. Plaintiff, Joan Ehlman, is over the age of nineteen (19) years and is a resident of the city of Helena in Shelby County, Alabama. Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act ("FDCPA").

2. Defendant First Financial Asset Management, Inc. (hereinafter "FFAM") is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

3. FFAM is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. FFAM uses the mails and telephone in and about its efforts to collect debt.

4. FFAM is a debt collector as that term is defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

5. Defendant Uplift, Inc. (hereinafter "Uplift") is and at all times pertinent herein was, a foreign corporation or other legal entity organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California.

6. All events herein occurred in Shelby County, Alabama.

## STATEMENT OF FACTS

### *Background*

7. On or about January 14, 2020, Plaintiff booked a cruise on Carnival Cruise Lines scheduled to depart in March 2020. Defendant Uplift provided Plaintiff with financing for the cruise. Specifically, Uplift financed $2,935.84.

8. Plaintiff made payments to Uplift in the amount of $1,623.00 on February 18, 2020 and $1,379.39 on February 21, 2020.

9. Plaintiff's account with Uplift was marked as "paid in full" on February 21, 2020.

10. The cruise was moved to May 2020 and then subsequently was cancelled by Carnival on or about April 13, 2020.

11. When the cruise was cancelled, Plaintiff contacted Defendant Uplift and Carnival and requested a full refund. An employee or agent of Uplift who spoke with the Plaintiff informed her that Uplift would not give her a refund until Uplift received a refund from Carnival.

12. Plaintiff then contacted Carnival and was told that it could take 90 days to refund any money to Uplift.

13. Plaintiff attempted again to get a refund from Uplift but Uplift refused to refund Plaintiff her money.

14. As such on or about June 8, 2020, Plaintiff contacted her financial institution and disputed the money paid to Uplift on the grounds that she paid for services that she did not receive.

15. On or about June 9, 2020, Plaintiff's financial institution deposited provisional funds into her account for the money paid to Uplift.

16. On or about June 12, 2020, Uplift sent Plaintiff an email regarding a notice of charge back sent by Plaintiff's financial institution. Plaintiff checked her Uplift account. Plaintiff's Uplift account was falsely noted as being 120 days "past due" and stated that Plaintiff owed Uplift $3,244.00. This amount was the original principal along with approximately six months of accrued interest. This interest was added and the account marked as 120 days past due by Uplift despite the fact that Uplift marked the account "paid in full" as of February 21, 2020. Uplift also marked the account as sent to collections.

17. Upon seeing this, Plaintiff called Uplift several times in an attempt to get information about why the account was being shown as 120 days past due and sent to collections. Uplift's employees or agents would

not discuss the account with the Plaintiff allegedly because it was in collections.

18. On June 16, 2020, Uplift emailed the Plaintiff to inform her that Carnival paid Uplift $2,935.84, the original amount financed by the Plaintiff, and informed the Plaintiff that the amount of $2,935.84 was applied to her account with Uplift.

19. After receiving the June 16, 2020 email, Plaintiff checked her Uplift account. The account continued to state that it was 120 days past due, in collections and was "charged off." The balance on the Uplift account at that time was $308.00.

20. On June 22, 2020, Plaintiff again called Uplift but the employee or agent she spoke with declined to discuss the account due to its being in collections. Plaintiff then called Defendant FFAM, the debt collector hired or retained by Uplift. Plaintiff was told by an employee or agent of FFAM that Uplift placed the account with FFAM for collections on or about June 15, 2020 and falsely claimed that the balance on the account was $3,244.08. FFAM was attempting to collect $3,244.08 from Plaintiff despite the fact that Uplift received $2,935.84 from Carnival and despite the fact that

Plaintiff had previously paid the account off in full.

21. On June 24, 2020, Plaintiff received an email from Rosa Stanley, a "Customer Support Manager" at Uplift. That email stated that when the payments were disputed, the account was marked as 120 days past due, was "charged off" as unpaid and was "automatically sent to collections." The email further stated that there was a balance due on the Uplift account of $308.24. The email also stated that even if Plaintiff made addtional payments the account was remain as "charged off."

22. On or about June 29, 2020, the Uplift account was still showing as 120 days past due, as being charged off, and as being in collections.

23. On or about June 29, 2020, Plaintiff received a phone call from FFAM. In the call, the debt collector stated that the Uplift account was turned over to collections on June 15, 2020, that the amount being collected was $3,244.08 and asked Plaintiff when she would be making payments.

24. To date, FFAM continues to attempt to collect $3,244.08 from the Plaintiff even though Uplift received $2,935.84 from Carnival and Uplift itself claims it is owed $308.24. Upon information and belief,

the $308.24 consists of interest that Uplift falsely claims accrued after the account was "paid in full" on February 21, 2020.

25. Despite the first contact with Plaintiff being on or about June 22, 2020, Defendant FFAM has failed to send Plaintiff the written notice required by the Fair Debt Collection Practices Act.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant FFAM and its employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff. These violations include **but are not limited to** violations of §§ 1692e(2)(A), 1692e(10), 1692f and 1692g(a).

28. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by FFAM in its collection efforts, Plaintiff suffered actual damages including, but not limited to, worry, stress, anxiety, embarrassment, physical pain, mental anguish and emotional distress.

29. As a result of Defendant FFAM's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT TWO
### NEGLIGENCE

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

32. The Defendants knew or should have known that said conduct was improper and violated the law. Additionally the Defendants owed a duty to the Plaintiff which Defendants breached causing Plaintiff harm.

33. The Defendants negligently failed to train and/or negligently failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

34. Defendant FFAM negligently failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

35. Defendant Uplift negligently placed this debt for collection.

36. Defendant Uplift negligently failed to inform FFAM that it received a credit from Carnival and applied that credit to the balance allegedly owed by the Plaintiff. As such, Defendant FFAM continues to wrongfully attempt to collect an incorrect amount from the Plaintiff.

37. Defendant Uplift negligently put into place policies and procedures that allow accounts that have been paid in full to be assigned a status of 120 days past due, to be put into collections, to be assessed interest that is not owed and to be charged off.

38. Defendant Uplift negligently put into place policies and procedures that do not allow its employees to undo or correct the status of accounts such as the Plaintiffs once the account has been assigned a status of 120 days past due, put into collections and assessed interest that is not owed and charged off.

39. As a proximate result of Defendants' negligence, Plaintiff suffered harm.

## COUNT THREE
## WANTONNESS

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The Defendants knew or should have known of the conduct set forth herein which was directed at and visited upon Plaintiff.

42. The Defendants knew or should have known that said conduct was improper and violated the law.

43. The Defendants recklessly and wantonly failed to train and/or recklessly and wantonly failed to supervise their employees or agents in order to prevent said improper and illegal conduct.

44. Defendant FFAM recklessly and wantonly failed to train and supervise its collectors with regard to the requirements and prohibitions of the FDCPA.

45. Defendant Uplift recklessly and wantonly placed this debt for collection.

46. Defendant Uplift recklessly and wantonly failed to inform FFAM that it received a credit from Carnival and applied that credit to the balance allegedly owed by the Plaintiff.  As such, Defendant FFAM

continues to wrongfully attempt to collect an incorrect amount from the Plaintiff.

47. Defendant Uplift recklessly and wantonly put into place policies and procedures that allow accounts that have been paid in full to be assigned a status of 120 days past due, to be put into collections, to be assessed interest that is not owed and to be charged off.

48. Defendant Uplift recklessly and wantonly put into place policies and procedures that do not allow its employees to undo or correct the status of accounts such as the Plaintiffs once the account has been assigned a status of 120 days past due, put into collections and assessed interest that is not owed and charged off.

49. As a result of Defendants' reckless and wanton conduct, Plaintiff suffered harm including but not limited to worry, embarrassment, humiliation, anxiety and mental anguish among other personal injuries.

*Respondeat Superior Liability*

50. At all times relevant herein, Defendant FFAM and its employees and agents acted as the agent of Defendant Uplift. The acts and omissions of Defendant FFAM and its employees and agents were committed

within the scope of FFAM's agency relationship with Uplift.

51. The acts and omissions by FFAM and its employees and agents were incidental to, or of the same general nature as, the responsibilities FFAM was authorized to perform by Defendant Uplift in the collection of consumer debts such as the consumer debts allegedly owed by the Plaintiff.

52. By committing these acts and omissions against the Plaintiff, Defendant FFAM's agents and employees were motivated to benefit FFAM's principal, Defendant Uplift.

53. Defendant Uplift is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its agent, FFAM, in and about FFAM's attempts to collect the alleged debt from the Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendants, jointly and severally, in both compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that

Defendant FFAM's conduct violated the FDCPA, statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorneys' fees from FFAM for its violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

                              /s/ *W. Whitney Seals*
                              W. WHITNEY SEALS,
                              Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Joan Ehlman
103 Cedar Bend Dr.
Helena, AL 35080

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**FIRST FINANCIAL ASSET MANAGEMENT, INC.**
C/O Registered Agent
Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104

**UPLIFT, INC.**
C/O Registered Agent
Vcorp Agent Services, Inc.
3867 Plaza Tower Dr., 1st Floor
Baton Rouge, LA 70816